IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DARREL HORRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-062 |
| | ) | |
| SUPERINTENDENT LEE CLARK, | ) | |
| Smith Transitional Center, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, incarcerated at Wheeler Correctional Facility ("WCF"), is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Smith Transitional Center ("STC") in Claxton, Georgia. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**I.     BACKGROUND**

Plaintiff names Lee Clark, Superintendent of STC, as the sole Defendant. (Doc. no. 1, pp. 1, 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 5, 2024, Defendant Clark caused Plaintiff to be transferred from STC to WCF, even though he had a state habeas corpus hearing scheduled.[1] (Id. at 12.) The transfer was improper under STC policy because Plaintiff did not qualify for a disciplinary transfer.[2] (Id.) As WCF is located in a different judicial circuit than STC, Plaintiff's scheduled hearing in Evans Superior Court was cancelled, and he must now wait behind other prisoners to have his case heard in Wheeler Superior Court. (Id.) The transfer was purposefully done to delay Plaintiff's habeas corpus hearing, and he is now housed in a violent, gang-infested dorm at WCF. (Id. at 13.) Plaintiff seeks $60,000 in actual damages and $40,000 in punitive damages. (Id.)

**II.    DISCUSSION**

    **A.     The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History**

        **1.     Prison Litigation Reform Act Requirements**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

---

[1] Plaintiff attached to his complaint an "Order to Continue" which states that at Plaintiff's request, a state habeas hearing originally set for July 26, 2024 was continued until August 23, 2024, so that Plaintiff could have additional time to amend his petition. (Doc. no. 1, p. 16.)

[2] Plaintiff also attached to his complaint a description of penalties for multiple disciplinary offenses which, although bereft of any information explaining the source of the information, is presumably the policy he believes was violated by his transfer from STC to WCF. (Id. at 14.)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 590 U.S. -, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner)" requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 1, pp. 9-10.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing

3

the case, and the date of filing and disposition. (Id. at 10.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

### 2.     Plaintiff's Failure to Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff stated he has filed one case in federal court relating to the conditions of his imprisonment, Horry v. Triplett, 4:23-cv-0123 (M.D. Ga. May 30, 2023). (Id. at 9-10.) However, the Court is aware of at least two other such cases: (1) Horry v. Kemp, 1:24-cv-0064 (S.D. Ga. May 24, 2023) (alleging false imprisonment and deprivation of personal property in county jail, causing him pain and suffering); and (2) Horry v. United States, 1:24-cv-0073 (S.D. Ga. Dec. 5, 2022) (alleging conspiracy between various county officials resulted in illegal incarceration that caused him pain and suffering).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (per curiam) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F.

4

App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818

(11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[3]

    **B.**    **The Case Should Also Be Dismissed Because the Complaint Fails to State a Claim Upon Which Relief May Be Granted**

Even if Plaintiff had truthfully disclosed his prior filing history, the case should be dismissed for failure to state a claim upon which relief may be granted.

    **1.**    **Legal Standard for Screening**

As stated *supra*, the complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[3]Plaintiff's claims in the instant case are based on a transfer in September of 2024. Thus, if Plaintiff decides to further refine the factual details of his claims, or raise other allegations related to his transfer, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Denial of Access to the Courts

To state a viable denial of access to the courts claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996). There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal

7

of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1290-91. Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (citation omitted).

To show actual injury, a plaintiff must show he had a legitimate claim he was unable to pursue because of actions by prison officials. Al-Amin v. Smith, 511 F.3d 1317, 1332-33 (11th Cir. 2008). "[T]he very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Christopher v. Harbury, 536 U.S. 403, 414-15 (2002). Therefore, the complaint must contain allegations sufficient to give fair notice of what was allegedly lost and show "that the 'arguable' nature of the underlying claim is more than hope." Id. at 416.

Here, other than some potential delay, Plaintiff fails to provide *any* detail about actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims. There is no allegation his state habeas claims will not be heard.[4] Moreover, the order attached to Plaintiff's complaint explains the originally scheduled hearing on July 26, 2024, was continued at *Plaintiff's* request. Furthermore, the order set the hearing for August 23,

---

[4]Plaintiff has not alleged how long his state habeas petition has been pending, let alone alleged unreasonable delay. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 679-80 (11th Cir. 1985) (*per curiam*) (concluding three-and-a-half-year delay in ruling on post-conviction motion was not "unreasonable and unjustified"). However, based on review of court records that include dismissal of Plaintiff's prior federal habeas corpus petition based on lack of exhaustion, Horry v. United States, 1:23-cv-0053 (S.D. Ga. Apr. 14, 2023), in which Plaintiff stated he had been convicted and sentenced in his underlying state criminal proceedings on March 31, 2022, (id., doc. no. 1, p. 1), it does not appear the state habeas proceedings have been pending an unreasonably long time. See United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (explaining court may take judicial notice of its own records).

2024, and Plaintiff does not allege he was transferred until September 5th. In any event, despite the date discrepancy, there is no allegation Plaintiff will not receive a hearing on his state habeas petition that would allow the Court to conclude his state habeas claims are in danger of denial or dismissal because of the transfer to WCF. Therefore, the Court concludes Plaintiff fails to state a viable denial of access to the courts claim upon which relief can be granted. See Christopher, 536 U.S. at 417-18.

### 3. Plaintiff Fails to State a Valid Claim for Improper Transfer

Whether viewed as a claim regarding his prison location or as a claim about violating a prison policy or regulation regarding transfers, Plaintiff also fails to state a claim upon which relief can be granted on this point. First, prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008) (*per curiam*); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (finding no liberty interest in transfer to less agreeable prison).

Second, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (*per curiam*) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Andujar v. Rodriguez, 486 F.3d 1199, 1204 n.5 (11th Cir. 2007) ("Failure to follow procedures does not, by itself" amount to a constitutional violation);

Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Here, Plaintiff alleges his transfer violated STC policy because he did not have the requisite disciplinary offenses to warrant transfer under the terms of the policy attached to the complaint.  Notably, however, Plaintiff does not allege – and the policy does not state – the only basis upon which a prisoner may be transferred is disciplinary issues.  In any event, mere violation of a transfer policy does not amount to a constitutional violation, and as described above, the transfer has not blocked Plaintiff's access to have his state habeas claims heard, albeit by a different court than the one that originally scheduled – and continued at Plaintiff's request – an evidentiary hearing.

For the sake of completeness, the Court observes that if Plaintiff is complaining about his conditions of confinement after the transfer based on his placement in a "violent gang infested dorm" where he "fears for his life," he fails to state a valid claim.  Challenges to conditions of confinement are subject to a two-part analysis.  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious.  Id.  The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety."  Id.; see also Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*); Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*).  "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'"  Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendant acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (11th Cir. 1994). Plaintiff provides no details about any specific conditions in the dorm. Nor does he allege Defendant Clark knew anything about the dorm to which Plaintiff would be assigned upon his transfer.

In sum, Plaintiff's allegations about a transfer fail to state a claim upon which relief can be granted.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 11th day of December, 2024, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA